UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERESE KEGLER,

        Petitioner,

                                CASE NO. 2:06-14136
v.                                  HONORABLE GEORGE CARAM STEEH

CLARICE STOVALL,

        Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Petitioner Terese Kegler has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. On April 23, 2004, Petitioner was convicted of second-degree murder in Wayne County, Michigan. *See* Mich. Comp. Laws § 750.317. The conviction arose from the strangling of Gary Wayne Wilson. As explained by the state court,

> [o]n the night of December 31, 2003, defendant and Wilson smoked crack cocaine together for several hours at defendant's home. Defendant's boyfriend, Gregory Brantley,[1] returned home. Subsequently, he left with Wilson to purchase $100 of crack cocaine and marijuana with money supplied by defendant. Brantley suspected that Wilson stole $60 during this transaction. An argument ensued and defendant punched Wilson.[2] Brantley intervened to protect defendant, and the two men began to fight. At one point, Wilson pulled a screwdriver from his pocket. Defendant then threatened Wilson with a butcher knife.[3] Brantley

---

[1] Brantley was also charged, and he pleaded guilty of second-degree murder before trial.

[2] Brantley testified that Wilson was attempting to leave and that defendant punched him as he pushed past her. Defendant denies that Wilson was attempting to leave.

[3] Brantley testified that defendant actually poked Wilson in the leg with the knife, but not hard enough to puncture the skin.

squeezed Wilson's neck and continued to punch Mr. Wilson while defendant checked his pockets for the missing money. When Wilson lost consciousness, defendant removed his clothing and eventually found drugs and money in his pants.

Believing Wilson to be alive, defendant and Brantley carried an unclothed Wilson outside. Defendant later told police that they intended to humiliate Wilson. Defendant rethought this plan and placed Wilson's clothes on top of his body. Brantley moved Wilson's body to the back of the yard, but as the sun began to rise, defendant became afraid that the neighbors would see Wilson's body. Still believing Wilson to be alive, Brantley moved Wilson's body into the trunk of defendant's car.[4] Defendant and Brantley continued to use drugs throughout the day of January 1. On the advice of her brother, defendant turned herself into the police the next day. Wilson's body was recovered that afternoon. The medical examiner testified that Wilson died of asphyxia by manual strangulation. Wilson likely lost consciousness within ninety seconds and died within three to five minutes. However, the medical examiner could not exclude hypothermia as a contributing factor to Wilson's death.

*People v. Kegler*, 268 Mich. App. 187, 188-89; 706 N.W.2d 744, 745-46 (2005) (footnotes in original).

On May 7, 2004, the trial court sentenced Petitioner to imprisonment for fifteen to twenty-five years. Two of the three judges who considered Petitioner's appeal affirmed her conviction and sentence in a published decision. *See id.*, 268 Mich. App. at 188; 706 N.W.2d at 745.[5] On March 8, 2006, the Michigan Supreme Court denied leave to appeal. *See People v. Kegler*, 474 Mich. 1075; 711 N.W.2d 37 (2006).[6]

---

[4] Defendant testified that she did not help place Wilson's body in the trunk; however, Brantley testified that defendant helped him push Wilson's feet into the trunk. Defendant was also impeached when she testified that it was Brantley's idea to place Wilson's body in the trunk. Her statement to the police indicated that it was her idea.

[5] Judge Jessica R. Cooper filed a dissenting opinion in which she concluded that the trial court improperly assessed fifty points for offense variable 7.

[6] Justices Michael F. Cavanagh and Marilyn Kelly voted to grant leave to appeal.

Petitioner filed her habeas corpus petition on September 20, 2006. The sole ground for relief reads:

> Defendant is entitled to resentencing because the statutory sentencing guidelines were misscored as to offense variable 7 and the sentence was a departure from the statutory sentencing guidelines imposed without compliance with departure requirements.

Respondent argues in an answer to the habeas petition that Petitioner's sentence involves an issue of state law and is not cognizable in habeas corpus proceedings. The Court agrees.

## II. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if she can show that the state court's adjudication of her claim on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

3

## III. Discussion

Petitioner contends that the trial court should not have assessed any points for offense variable 7 of the state sentencing guidelines. Offense variable 7 measures the extent to which the crime committed amounted to aggravated physical abuse. *See* Mich. Comp. Laws § 777.37. The offense variable must be scored at fifty points if the "victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." Mich. Comp. Laws § 777.37(1)(a). Zero points must be awarded if "[n]o victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." Mich. Comp. Laws § 777.37(1)(b). "Sadism" is "conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification." Mich. Comp. Laws § 777.37(3).

According to Petitioner, the victim never regained consciousness and there was no evidence that the victim experienced excessive brutality, sadism, or substantially increased fear. Petitioner alleges that she did not place the body outside, nor move the body to the trunk of the car, and that she should not be assessed points for conduct attributable to her co-defendant.

A majority of the appellate panel which decided Petitioner's case concluded that there was sufficient evidence to support the scoring of offense variable 7 at fifty points. The state court analyzed Petitioner's claim as follows:

> Defendant first contends that the trial court improperly assigned fifty points for OV 7, as Brantley was the individual who actually strangled Wilson, carried his naked body outside, and placed the body in the trunk. However, defendant did remove Wilson's clothing and admitted to the police that she wanted to humiliate him by leaving him naked outside. There is also record evidence that the placing of Wilson in her trunk was also defendant's idea and

> that she assisted in completing this act.
>
> Defendant also argues that OV 7 applies only when a victim actually experiences aggravated physical abuse and, therefore, that points may not be assessed because Wilson was unconscious or dead throughout the ordeal. We disagree, first, because the record contains evidence that Wilson may not have died or lost consciousness before the aggravated physical abuse occurred. Defendant admitted that she thought she felt a pulse after Wilson had been placed outside for some time, naked and in the cold, and that she heard grunting noises later, when he was being transferred into the trunk. Thus, there was sufficient evidence to support the scoring.
>
> Second, we disagree with the premise of defendant's argument. The focus of OV 7 is defendant's conduct and purpose with respect to aggravated physical abuse. Points are assessed where "a victim *was treated with* . . . torture, or excessive brutality or conduct designed to increase" a victim's fear and anxiety.[7] The statute does not require, for instance, that "a victim *experienced* . . . torture, or excessive brutality or conduct designed to increase" fear and anxiety. Even if Wilson was not, in fact, aware of what was being done to him, there was evidence that defendant at least thought he might have some consciousness and intentionally tortured him with excessive brutality that was meant to increase his fear and anxiety. It would be contrary to the plain meaning of OV 7 to conclude that there is less culpability for aggravated physical abuse simply because the victim lost consciousness earlier in the course of events than defendant presumed.

*Kegler*, 268 Mich. App. at 190-92; 706 N.W.2d at 746-47 (italics and footnote in original).

The scoring of offense variables is an issue of statutory interpretation, *People v. Barbee*, 470 Mich. 283, 285; 681 N.W. 2d 348, 349 (2004), and the alleged violation of Michigan law fails to state a claim on which habeas relief may be granted. *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Questions of state sentencing law, and the scoring of state sentencing guidelines in particular, are not cognizable on

---

[7] M.C.L. § 777.37(1)(a) (emphasis added). We recognize that points can also be assessed for sadism, defined as conduct that "subjects a victim" to pain or humiliation. M.C.L. § 777.37(1)(a), (3). While this might suggest that the victim's experience as well as the defendant's conduct must be considered in cases where a scoring is based only on sadism, that is not the case here.

federal habeas corpus review. *Miller v. Vasquez,* 868 F.2d 1116, 1118-19 (9th Cir. 1989); *Long v. Stovall*, 450 F. Supp. 2d 746, 754 (E.D. Mich. 2006) (Gadola, J.); *Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001) (Tarnow, J.). The reason for this conclusion is that federal courts may grant the writ of habeas corpus only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As succinctly explained by the Sixth Circuit in an unpublished decision,

> [a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only. *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir.1991); *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)).

*Howard v. White*, 76 Fed. Appx. 52, 53, 2003 WL 22146139, at \*\*2 (6th Cir. Sept. 16, 2003) (unpublished).

Petitioner has not alleged that her sentence violates the federal Constitution or any other federal law. Consequently, her claim is not cognizable here, and her application for the writ of habeas corpus [dkt. 1, Sept. 20, 2006] is DENIED. The Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: May 31, 2007

        S/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 31, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk